**HARTFORD FIRE INS. CO. v. DANIELS et al.**

No. 13090.

United States Court of Appeals
Ninth Circuit.

Jan. 27, 1953.

Hindman & Davis, Los Angeles, Cal., for appellant.

Arch E. Ekdale, San Pedro, Cal., John F. McCarthy, Long Beach, Cal., for appellee.

Before STEPHENS and ORR, Circuit Judges, and McCORMICK, District Judge.

PER CURIAM.

A judgment was entered against Hartford Fire Insurance Company and in favor of Daniels by the district court for damages, and Hartford appeals.

A water pipe burst and caused damage to a residence. Suit was brought by the owner against the Hartford Company on the basis of an insurance policy issued to the owner by the company. The action was defended upon the ground that the evidence did not support the plaintiffs' theory that the pipe burst because of internal pressure, but the court found otherwise and the point is not pressed upon appeal.

·The point upon which it is claimed that a reversal of the judgment should be granted is well expressed by the following quotation from Hartford's opening brief:

"Following the occurrence and the damage, Appellees failed to give Appellant written notice thereof without unnecessary delay and failed to comply with the policy conditions by rendering sworn proof of loss within sixty days after the commencement of the loss, not notifying Appellant of any claim until April of 1950 and not filing a proof of loss until July 31, 1950. * * *."

The Honorable Ben Harrison, District Judge, prepared and filed a memorandum opinion 110 F.Supp. 548, 549, and, since we are in full accord therewith, we adopt, as our own, that portion of it which deals with the waiver issue:

"The insurance contract contained the usual provision requiring the filing of the proofs of loss within sixty days as a condition precedent to any recovery for loss under the policy. The defendant now relies upon a delay in the filing of such proof of loss as a defense to this action.

"The loss occurred on December 19, 1949, and the agent Avery was notified on December 21, 1949. The local office of the defendant in Los Angeles first admits hearing of the loss on April 19, 1950, when Avery requested proof of loss forms be sent to the plaintiffs' attorney. This request stimulated a comprehensive investigation of the loss by the defendant, including the hiring of a consulting engineer. The formal proof of loss was received by the defendant at its head office in San Francisco on July 31, 1950. In a letter dated August 8, 1950, written by the defendant's attorney, the proofs of loss were formally rejected on the ground that the loss did not result from an insured peril, and also on the ground that the proofs of loss were not made within the required sixty-day period. It will be noted that the defendant never raised the question of late filing until the proofs of loss had been turned over to its legal department. Up to this time the parties had dealt with each other on the sole

question of whether the loss was an insured risk.

"The plaintiffs contend that the condition requiring the proofs of loss to be filed within sixty days after loss was waived by the insurer.

"The principles of law involved in these opposing contentions are not in dispute. Both parties concede that a delay in the presentation to the insurer of notice and proofs of loss as required by the policy may be waived if the delay is caused by any conduct on the part of the insurer or its authorized agent; that the provision limiting the authority of an agent to waive a condition except by a writing endorsed on the policy does not apply to stipulations to be performed after loss such as the giving of notice and the furnishing of proofs of loss; that in order to effect a waiver by an insurance company in respect of these conditions, the agent by whom such waiver is effected must be acting within the scope of his actual or apparent authority; that a denial of liability by an insurer, or his authorized officer or agent, made within the period prescribed by the policy for the submission of proofs of loss, and based on the ground that the loss is not within the risks assumed under the contract of insurance constitutes a waiver.

"Defendant argues that the agent Avery had no authority to make a denial of liability upon behalf of the defendant in the first place, and that there is no evidence that the agent had sufficient knowledge of the nature of the loss and the basis of the claim upon which to make a denial. Whether a particular agent has the power to waive a condition is a question of fact. Westerfield v. New York Life Ins. Co., 129 Cal. 68, 61 P. 667, 670. The whole course of dealing between the agent and the insured indicates that he was acting within the scope of his apparent authority. The insurer permitted the agent to clothe himself with all the indicia of authority. Avery could solicit business, prepare and accept applications, execute, countersign and deliver policies, and collect premiums. A mere call on the telephone after the loss was suffered enabled Dr. Daniels to increase his coverage on the property. Apparently Avery had the power to renew policies and to make endorsements extending coverage. Manifestly Mr. Avery had authority to consummate contracts of insurance for the defendant. It was a part of his duty to report all losses and claims to the Los Angeles office. The request for proof of loss forms was channeled through him. An insurance company which permits an agent to project himself before the public in this manner will not now be heard to assert that in respect to a denial of liability he was acting outside the scope of his apparent authority.

"I find no greater merit in defendant's contention that the agent did not have sufficient information before him upon which to make an intelligent denial of liability. Mr. Avery's position in this litigation is a delicate one, and one would not expect to find in his testimony any direct statement clearly supporting either party's theory of the facts. If there is any doubt as to the extent or exactness of his knowledge of the nature of the loss or the claimed coverage arising from his conversations with Mr. Wing and Dr. Daniels, it is removed by his testimony concerning his informing Dr. Daniels of the similarity between the facts in this case and those in the Olds Seed Co. case. L. L. Olds Seed Co. v. Commercial, etc., Ins. [Assur.] Co., 7 Cir., 179 F. 2d 472. It was Avery who suggested that the claim be made on the basis of this decision. It seems clear to me that Avery was thoroughly aware of the facts relative to the damage suffered by Dr. Daniels and the nature of the claimed coverage.

"Since Mr. Avery was acting within the scope of his apparent authority in making the denial of liabil-

790

ity, the provision in the policy requiring the furnishing of the proofs of loss within sixty days was waived by the insurer."

The judgment is affirmed.